ant therein, as required by law, or in the manner required by law, referring to the record of affidavit of W. H. Miller, cites Crim. Code of Wyoming Ter., secs. 97, 109.

The offense charged upon the plaintiff in error is a statutory one, hence in all the steps taken, or prescribed by the statute to be taken by the prosecution, in order to place the defendant in an indictment on trial, the law, as laid down in the statute, must be followed; and no defendant in a criminal cause can be called on by the court to answer to an indictment for felony, nor can he be compelled to answer or to be arraigned until the requirements of the law in such cases made and provided are complied with, and in all criminal proceedings everything is construed most favorably for the defendant and against the state: Code Crim. Pro. 483.

*W. W. Corlett*, for defendant in error.

Judgment of the district court affirmed, and the prisoner re-sentenced by the supreme court, in accordance with the provisions of the statutes of the territory of Wyoming.

---

## WILSON *v.* THE TERRITORY OF WYOMING.

CONTEMPT.—At common law proceedings for contempt cannot be reviewed by a court of errors.

IDEM.—The legislature only can give a defendant in such proceedings the right to appeal or to a writ of error.

IDEM.—Where in such a case a writ of error was improperly sued out, a motion to dismiss the proceedings in error was sustained.

ERROR to the District Court for Laramie County.

This was a proceeding for contempt of court, instituted in the district court at the March term, A. D. 1873, against the defendant in the district court, now plaintiff in error, wherein he was charged with writing and publishing, in the " Omaha Daily Herald," a newspaper published at Omaha,

Nebraska, but having circulation within the jurisdiction of said court, certain scandalous and contemptuous allegations, charges and expressions in reference to said district court and the judge thereof.  After hearing and consideration of the matter, the plaintiff in error was adjudged guilty of contempt, and was fined in the sum of five hundred dollars, and ordered to be confined in the county jail of said county until such fine and the costs of the proceedings were paid. Afterwards, the plaintiff in error obtained leave to file a petition in error in the case in this court from the chief justice, upon which a summons in error was issued and served upon the attorney of record for the defendant in error.  The attorney for the defendant in error then filed in this court the following motion:

"In supreme court, Posey S. Wilson, plaintiff in error, v. The Territory of Wyoming, defendant in error.  Motion to dismiss the proceedings in error herein.  And now comes the said territory of Wyoming by its attorney in this behalf, W. W. Corlett, and appearing specially and for the purpose of this motion only, moves the court now here to dismiss this cause and all the proceedings herein from this court, for the reasons: 1. That this court has no jurisdiction of the subject-matter of the proceedings in error or of the cause; 2. Because this cause is not properly brought to this court, no writ of error having issued from this court, and for other reasons apparent from the record herein.  The Territory of Wyoming, by W. W. Corlett, its attorney."

*W. W. Corlett*, attorney for the motion.

A motion has been filed in this cause to dismiss this proceeding in error for want of jurisdiction.  It therefore becomes important to first determine that question, because the objection is predicated upon considerations which preclude this court from taking jurisdiction under any circumstances; in other words, the objection is of such a nature that no consent of parties can give jurisdiction.  In the first place, no statute of this

territory allows this proceeding in error to be prosecuted. The code of criminal procedure of this territory has reference only to ordinary criminal cases prosecuted by indictment, tried by a jury in the ordinary manner, and warrants or permits a proceeding in error and a bill of exceptions only in such cases. This is manifest from the entire criminal code, and more especially by reference to the following sections of the code of criminal procedure: Laws of Wyoming, A.D. 1869, to wit., 109–119, 128, 129, 141, 145, 181, 184, 188, 194, 195. But it is insisted that the plaintiff in error is entitled to this proceeding in error by virtue of the ninth section of the organic act of the territory. The language of the organic act is as follows:

"Writs of error, bills of exceptions and appeals shall be allowed in all cases from the final decision of said district courts to the supreme court, under such regulations as may be prescribed by law; but in no case removed to the supreme court shall trial by jury be allowed in said court."

What is the meaning of this language? Evidently not that writs of error, bills of exceptions and appeals shall be allowed in all cases as cumulative remedies for the review of cases; for such an interpretation would be absurd. Congress must be understood as having used these terms in the sense in which they were used at the common law, and by the word cases must be meant such cases as those several proceedings for review were applicable to at the common law. Now at the common law a writ of error would lie only in a common law case, possessing the ordinary incidents of a case; bills of exceptions did not lie in a criminal case at common law, and appeals were permitted and proper for the review of chancery cases. Hence, congress must have designed simply that these several remedies should be allowed only in such cases as were reviewable by these several methods respectively at the common law. As it can hardly be pretended that an appeal would lie in this case, and as a bill of exceptions has another office than that of

presenting a case for review, in the sense of transferring the record from one court to another, we are constrained to believe that if a case can be brought here at all by virtue of said provision of the organic act, it must be by writ of error. The question then is, does a writ of error in such a case lie at common law? Did congress so intend in view of its language above cited: "But in no case removed to the supreme court shall trial by jury be allowed by said court?"

Upon the propositions above set forth, the following authorities are cited: Arch. Crim. Law, vol. 1, 723; *Ewing* v. *Hollister*, 7 Ohio, 138; 9 Ohio, 142–3; 1 Abb. U. S. Pr. 327, 337; 2 Abb. U. S. Pr. 213; 3 Black. Com. 406; 3 Whart. sec. 3049.

And it is further to be observed that if a writ of error will lie in such a case, since no regulation is made by the statutes of the territory as to the manner of allowing the writ in such a case as this, then the allowance of the writ and all its incidents must be according to the course of the common law; the proceedings in this case is not according to the course of the common law.

It having been agreed upon that this whole case should be considered at one hearing for convenience, the various errors assigned in the petition in error herein will be considered in their order; but with the distinct understanding however, that this course, in no respect, waives any objection to the jurisdiction of this court to review the case, and while the defendant in error does not object to an opinion of this court upon the merits of the case, yet it asks for no such opinion unless required to a decision of the same after adjudging the motion to dismiss to be overruled. The defendant in error also declines to consider any errors assigned by counsel in argument, brief or assignment of errors, unless the same were assigned in the petition in error, filed in this court by leave.

The first error assigned is, that the court erred in ordering an amended rule to be served on the then defendant, now plaintiff in error. In the first place it is to be observed

that the said order was made upon the motion of the attorney for the plaintiff in error. Besides no exception was taken to said order, and the said order could in no manner prejudice the plaintiff in error.

The second error assigned is, that the court erred in overruling the motion of said Wilson to discharge the amended rule, and in making the rule absolute, and in ordering the attachment to issue. Upon this alleged error it is important to refer to the record, as the argument seems to be based largely upon a state of facts and premises which do not exist in fact. The record shows that before the said amended rule issued an affidavit was duly filed, setting forth the facts upon which the said rule did issue. Besides the motion to discharge said amended rule was overruled upon its own merits, and did not assign as reasons for discharging the amended rule many of the reasons now assigned in plaintiff in error's brief. Upon this alleged error it is argued that the judge of the court below should not have made the affidavit upon which the rule issued. No authority for this *ipse dixit* is cited, besides no objection of that nature was taken in the case below. As to the balance of the argument on this alleged error, it is submitted that the record shows a full compliance with all the requirements of the law.

The third error assigned is that the court erred in overruling the said Wilson's motion to suppress the interrogatories filed. As this is a question which must be determined solely upon authority, reference is made to the following: *United States* v. *Dodye*, 2 Gall. 313; *Thornton* v. *Davis*, 4 Cranch, 500; *Pitman's case*, 1 Curt. 186; *People* v. *Fea*, 2 Johns. 290; 4 Black. 285.

The fourth error assigned in the petition in error, is that the court erred in refusing to grant the motion of the said Wilson for a change of venue. In the brief and argument, as printed and furnished to the attorney for the territory, no allusion is made to this exception, and it is therefore inferred that said exception is not now relied on. Whether it be well taken or not depends upon a statutory provision

so plain that even a wayfaring man need not err in the proper interpretation of the same: see Laws of Wyoming, 1869, p. 486, secs. 115–118.

The fifth and last exception is, that the court erred in giving judgment for the said territory, when it ought to have been given for the said Posey S. Wilson, according to the law of the land. This exception is a sort of an *omnium gatherum*, and might be held possibly to reach back to any errors of the court in the record, substantially enough to affect the final judgment, if proper exceptions were taken thereto at the time and the exception preserved. But as special assignments of the alleged errors occurring up to the time of judgment were made, it may be fairly presumed that the last exception does not include any proceeding prior to the judgment of the court pronounced upon the answers to the interrogatories.

In the written argument, it is admitted that it was an offense at common law to speak or write contemptuously of the court or judges. The principle here conceded is too well sustained by authority to derive any additional strength from the concession. But it is denied that this peculiar portion of the common law is in force in this country, and especially in this territory. Upon this point, reference is made to the ninth section of the organic act of Wyoming; also, as bearing upon the construction of this section, see case of *Dumphy* v. *Kleinsmith,* 11 Wall.; also, Laws of Wyoming, 292; 2 Bish. on Crim. Law, secs. 214–216; *People* v. *Fea,* 2 Johns. 290: *Republica* v. *Oswald,* 1 Dall. 319; *Bayard* v. *Passmore,* 3 Yeates, 438; *Hollingsworth* v. *Duance,* 3 Wall. 77, 102; *Bronson's case,* 12 Johns. 460; *People* v. *Freer,* 1 Cai. 485, 518; *The State* v. *Wilson & Sherman,* Chicago Legal News, 1872, p. 85. The doctrine of the preceding cases is so well established that legislation has been found necessary in every instance to abridge the power of the courts over the subject of contempt: Dunlap's Laws of U. S. 804; Laws of Penn. 1809.

This idea seems to have impressed itself upon the minds of the counsel for the plaintiff in error, who insist that by the laws of Wyoming the subject-matter of contempt is limited in this territory. Without conceding that the acts of contempt in the present case, or at least some of them, fall without the provisions of the statute, attention is in the first place directed to the fact that our statute does not contain any words of express limitation. In the case of *Dunham* v. *The State of Iowa*, 6 Clark, 246, under a similar statute, the court refused to say that such a statute would have the meaning here contended for. But it insisted that the legislature has no power to restrict the authority of a court to punish for contempt. The power of a court to punish for contempt is one of its essential attributes; without it a court would not be a court in the sense of being a coordinate branch of the government: *U. S.* v. *Hudson*, 7 Cranch. 32–4. Opinion by Justice Thornton, in the case cited in the Chicago Legal News, *supra*: 2 Bish. Cr. Law, 206, note.

If then the power to punish for contempt is essential to the very idea of a court of justice, understood as a coordinate branch of the government, it follows, by the most unerring principles of logical deduction, that any legislation which undertakes to limit this power is invalid and a nullity. But it is affirmed upon argument that the plaintiff, by his answers to the interrogatories, purged himself of the contempts, if any there were, by disclaiming any intentional contempt of the court or the judge in his official capacity. This view seems to be taken in ignorance of the well-settled and elementary doctrine of the law that a free, moral agent is conclusively presumed to intend the natural and probable consequences of his acts: 1 Greenleaf, 23; *State* v. *Wilson*, 2 Sherman; 1 Russell on Crimes, 658–660; 13 Wall. 335.

*J. B. Brown* and *T. J. Street*, for plaintiff in error, contended that, under the provisions of the organic act of the

territory of Wyoming, such plaintiff was entitled to a writ of error, and that the proceedings in the district court were fatally irregular.

Motion granted, and judgment of the district court affirmed.

---

## BRENNAN v. HEENAN.

CHARGE TO THE JURY—VERDICT.—Courts will not interfere with the verdict, because such verdict does not accord with the exact views of the case taken by the court, of the preponderance of evidence, or that the court would have arrived at a different conclusion from that of the jury.

IDEM.—Even if an erroneous charge to the jury has been given, the verdict will not be disturbed if it clearly appears that no injustice has been done, or that the jury have not been misled thereby in the finding of such verdict.

APPEAL from the District Court of the First Judicial District for the County of Laramie.

This was an action brought by Heenan to recover judgment against Brennan in the district court of Laramie county, for money alleged to be due him for building a billiard hall in Cheyenne, under a contract with Brennan. A contract was made in writing between the parties, by which plaintiff bound himself to build a house according to its specifications. Subsequent to the making of the contract, and after work had been commenced under it, certain additions to the building were proposed by defendant in the district court, and the plaintiff claimed that that additional work was done by him at defendant's request, and that the same in all amounted to three thousand eight hundred dollars, or thereabouts, which defendant promised to pay. The defendant in his answer denied any indebtedness, and pleads payment; also a counter-claim of a bar bill; also a counter-claim for damages for the failure of defendant to complete the building in accordance with the specifications of his original contract. Defendant also in his answer denies that all the work done under the contract, as modified, was order-